Argued February 15; affirmed March 8; rehearing denied
April 6, 1938

## SELLS v. NORTH PACIFIC COLLEGE OF OPTOMETRY ET AL.

(76 P. (2d) 1128)

Department 2.

[ 1 ]

*Roy R. Hewitt,* of Salem, and *Harry G. Hoy,* of Portland, for appellant.

*Leroy Lomax,* of Portland (Lomax & Lomax, of Portland, on the brief), for respondents.

BAILEY, J. The plaintiff, Ervin L. Sells, instituted this suit against the defendants, North Pacific College of Optometry, a corporation, and Harry Lee Fording, to have himself declared the owner of five shares of the capital stock of the defendant corporation and to require that defendant to issue to him a certificate evidencing his ownership of said five shares of stock. From a decree dismissing the suit the plaintiff prosecutes this appeal.

According to the allegations of the amended complaint, at the time of organization and incorporation of the North Pacific College of Optometry the capital stock of the corporation was divided into thirty shares, ten of which shares were issued to each of the following: Harry Lee Fording, Frank M. Sandifur and the plaintiff, Ervin L. Sells, and there was an understanding among the stockholders that ''so long as the three of them, or any two of them, were interested in said corporation, the interests of those interested therein should be kept on an equal basis, so that neither should have any advantage over the other in the matter of the management or control of said corporation so long as two or more of them retained interests therein.''

It is then alleged that in June, 1930, Sandifur received in exchange for his ten shares of stock certain

property belonging to the corporation, and thereupon the plaintiff and the defendant Fording became owners of five shares each of the stock that had been owned by Sandifur; that Fording is claiming to be the owner of all ten shares of stock formerly belonging to Sandifur, and refuses to turn over the five shares which rightfully belong to the plaintiff; that the defendant Fording has dominated the corporation; and that the plaintiff has been damaged by the acts of said Fording in the sum of $1,000.

The defendant in his answer admits that at the time of the organization of the corporation ten shares each of its capital stock were issued to Sandifur, Sells and himself, but denies that the plaintiff is entitled to any of the ten shares issued to Sandifur, and alleges that he, the defendant, is the owner of said ten shares. He further denies that there was any agreement among Sandifur, Sells and himself as to maintaining equal ownership of the shares. He also denies that Sandifur's shares of stock were paid for out of property of the defendant corporation, and denies that the plaintiff was damaged by Fording's acts in managing the said corporation, or by any other acts or conduct of that defendant.

The plaintiff has utterly failed to prove the allegations of his amended complaint. There is no testimony in the record of any agreement among the original stockholders as to how the stock should be held in the event that one of them should dispose of his interest in the corporation. The plaintiff has wholly failed to prove that he is the owner of, or entitled to, any part of the ten shares of stock formerly owned by Sandifur. Nor is there any competent evidence in the case as to plaintiff's having suffered any damage through Fording's

management and control of the corporation, or through any other acts or conduct of that defendant.

The only testimony given was that of plaintiff and one witness called by him. Practically all their testimony was excluded by the ruling of the trial court but was taken down by the court reporter pursuant to § 6-202, Oregon Code 1930. The exhibits offered by the plaintiff were likewise excluded by the court's ruling, but were made a part of the record in like manner as the excluded testimony. We have nevertheless considered all the testimony and exhibits so offered, in arriving at our conclusion.

The decree appealed from is affirmed.

BEAN, C. J., and RAND and LUSK, JJ., concur.